**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **SOVEREIGN PEAK VENTURES, LLC,** | § | |
| **Plaintiff,** | § | |
| | § | **No. 2:25-cv-1216-JRG-RSP** |
| **v.** | § | |
| | § | |
| **ARASHI VISION INC. d/b/a INSTA360,** | § | **JURY TRIAL** |
| **Defendant.** | § | |

**PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO FILE ANSWER TO DEFENDANT'S FIRST AMENDED ANSWER AND COUNTERCLAIMS**

Plaintiff Sovereign Peak Ventures, LLC moves for leave to file its Answer to Defendant's First Amended Answer and Counterclaims and for an extension of time under Federal Rules of Civil Procedure 6(b)(1)(B). Plaintiff's answer was due October 2, 2026, and Plaintiff requests leave to file the answer attached as Exhibit A.

**Background and Status of the Case**

The parties have been conferring since the middle of last week when Plaintiff's counsel realizes the answer deadline had passed and contacted local and Chinese counsel for Insta360 requesting consent to file SPV's answer. Following several discussions, Insta360 indicated last Friday that it would oppose but requested additional time to research the law so it could articulate the prejudice that it contends supports its

opposition. Today, Insta360 confirmed that it would oppose this motion, stating that it would be prejudiced by the Court granting leave because that would deprive its ability to file a default judgment. Insta360 was unable to articulate any prejudice flowing from the 12-day delay in Plaintiff's answer (undersigned counsel emailed a signed copy of Plaintiff's answer to Insta360 counsel on October 14).

Insta360 answered Plaintiff's original complaint on September 2, 2026 (Dkt. 11). SPV served infringement contentions and made its P.R. 3-2 production on September 16. On September 18, Insta360 amended its Answer and Counterclaims (Dkt. 15), resetting to October 2 the deadline for Plaintiff to answer Insta360's counterclaims, which are mirror-image declaratory judgment claims regarding infringement and validity. Plaintiff's responsive pleadings was due on October 2, 2026.

**Plaintiff's Good Faith and the Equities Favor Granting Leave**

Under Rule 6(b)(1)(B), the Court may extend an expired deadline where the party's failure to act resulted from excusable neglect. In assessing excusable neglect, courts consider the danger of prejudice to the nonmoving party, the length of the delay and its potential impact on the proceedings, the reason for the delay, and whether the movant acted in good faith. *Id.* R. 6(b)(1)(B); *see Graham v. HRchitect, Inc*.., No. 4:16-CV-743, 2017 U.S. Dist. LEXIS 118549, 2017 WL 3216609, at *1 (E.D. Tex. July 28, 2017); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Undersigned counsel discovered the expired deadline on October 14 when reviewing deadlines and the case schedule. Our case manager has been in England caring for her aged mother, so we were missing her watchful eye on deadlines, and I overlooked the reset deadline. Upon realizing that we had not filed Plaintiff's answer, I immediately contacted Mr. Shaw, Insta360's Texas counsel who directed me to contact Mr. Bai, who is in Shanghai, China. I spoke with Mr. Bai later that evening local time and provided defense counsel with the signed answer that was ready to file (we had prepared it on September 23 and neglected to file it).

The delay—from October 2 to October 14—was brief and does not affect any other deadlines. No response to Plaintiff's answer to Insta360's counterclaims is required. The delay does not disrupt the Court's schedule, delay discovery, prejudice Insta360, or otherwise impair the orderly progress of this case

When asked during our meet-and-confer calls over the last week, Insta360 could not identify any prejudice that it has suffered or will suffer. Plaintiff stood ready to address and cooperatively mitigate any problem Insta360 identified, but they never did. On the second day of discussions, last Thursday, October 15, defense counsel followed up after our evening call stating that "the client needs time to think it over." We agreed to talk again early this morning, Monday, October 19. On that call, defense counsel indicated that Insta360 would oppose this motion. In response to my question about prejudice, he stated that "you will see it in our response" then added, "we will be

deprived of the ability to move for default judgment." That is not a right that Insta360 lost; it is not prejudice arising from a 12-day delay in receiving Plaintiff's answer, which of course denies the declaratory judgment counterclaims. Insta360 will suffer no prejudice from the requested relief. Insta360 has Plaintiff's answer in hand and knows that Plaintiff denies the counterclaims of invalidity and non-infringement. The parties have had productive regular discussions about the merits of the case for months, which is why Insta360's opposition to this motion was a surprise and appears to be a "gotcha" attempt to benefit from counsel's mistake.

Throughout this case, the parties have cooperated to focus on the merits. We have discussed technical infringement and validity issues, traded damages positions and exchanged settlement offers. Insta360 is well aware of Plaintiff's positions on infringement and damages, and the parties have discussed in detail the prior art asserted by Insta360. Nothing in Plaintiff's answer is new to Insta360.

Granting leave so Plaintiff can file its answer will refocus the case on the merits, and adjudication on the merits serves the public interest more than procedural forfeiture of Plaintiff's defenses to Insta360's declaratory judgment counterclaims.

For these reasons, Plaintiff respectfully request leave of court to file the answer attached as Exhibit A in response to Insta360's Amended Answer and Counterclaims (Dkt. 15).

Dated: October 19, 2026

Respectfully submitted,

By: ______________________

Cabrach J. Connor
Cab@CLandS.com
Texas Bar No. 24036390
Jennifer Tatum Lee
Jennifer@CLandS.com
Texas Bar No. 24046950
John M. Shumaker
John@CLandS.com
Texas Bar No. 24033069
**CONNOR LEE & SHUMAKER PLLC**
609 Castle Ridge Road, Suite 450
Austin, Texas 78746
512.646.2060 Telephone
888.387.1134 Facsimile

*Attorneys for Plaintiff*
*Sovereign Peak Ventures, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on October 19, 2026.

*/s/ Cabrach J. Connor*
Cabrach J. Connor

**CERTIFICATE OF CONFERENCE**

The undersigned conferred with Jack Shaw by phone, initially and briefly, and with Benjamin Bai by phone and videoconference since October 14 about the relief requested by this motion. Insta360 requested additional time to consider the request, and of course Plaintiff agreed, and today, October 19, 2026, Insta360 opposed the motion for leave and gave for its reason that if leave is granted it would be "unable to move for default judgment." I asked if Insta360 believes it has suffered any prejudice as a result of not having Plaintiff's answer for 12 days, and counsel was unable to provide any additional or different justification for opposing this motion. Although we discussed our differing views, I understand that Insta360 made the decision to oppose this motion despite the merits under the four-factor test. As a result, the parties were unable to agree to the relief requested. I certify that we met the conference requirements of Local Rule CV-7(h).

*/s/ Cabrach J. Connor*
Cabrach J. Connor