**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **SOVEREIGN PEAK VENTURES, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **NO. 2:25-cv-1216-JRG-RSP** |
| **vs.** | § | |
| | § | |
| **ARASHI VISION INC. D/B/A INSTA 360,** | § | |
| | § | |
| **Defendant.** | § | |

# EXHIBIT A

**PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO FILE ANSWER TO DEFENDANT'S FIRST AMENDED ANSWER AND COUNTERCLAIMS**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **SOVEREIGN PEAK VENTURES, LLC,**<br><br>***Plaintiff*,**<br><br>**v.**<br><br>**ARASHI VISION INC., D/B/A INSTA360,**<br><br>***Defendant*.** | **Case No. 2:25-cv-1216-JRG-RSP**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ANSWER TO DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**

Plaintiff Sovereign Peak Ventures, LLC ("SPV") Defendant Arashi Vision Inc. d/b/a Insta360 ("Insta360") hereby files this Answer to the First Amended Counterclaims filed by Defendant Arashi Vision Inc. d/b/a Insta360 at Dkt. No. 15 and responds as follows:

**THE PARTIES**

1. Upon information and belief based on public information, SPV admits the allegations contained in paragraph 1 of the Counterclaims.

2. SPV lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 of the Counterclaims and therefore denies them.

3. Admitted.

**JURISDICTION AND VENUE**

4. SPV admits that this Court has This Court has subject matter jurisdiction over Insta360's Counterclaims under 28 U.S.C. §§1331, 1338(a), 2201, and 2202 under paragraph 4 of the Counterclaims, but denies that Insta360 is entitled to the relief it seeks in its Counterclaims.

5. Admitted.

6. Admitted.

7. Admitted.

8. SPV admits that venue is proper in this District.

## FACTUAL BACKGROUND

9. SPV admits that it is the assignee and owner of U.S. Patent Nos. 7,685,498 (the "'498 Patent"); 8,019,169 (the "'169 Patent"); 8,737,476 (the "'476 Patent"); 8,971,401 (the "'401 Patent"); 9,414,059 (the "'059 Patent"); and 9,667,972 (the "'972 Patent") (the "SPV Asserted Patents.

10. Admitted

11. Denied.

12. Denied.

13. SPV admits that there is an actual controversy between the parties but denies that Insta360 is entitled to the relief it seeks in its Counterclaims.

## COUNT 1

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '498 PATENT

14. SPV restates and incorporates its responses to the foregoing paragraphs as if fully set forth herein.

15. SPV denies Insta360's assertions that the claims of the '498 Patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§101, 102, 103, and 112.

16. SPV denies that the claims of the'498 Patent are anticipated by and/or obvious in view of at least the following prior art: U.S. Pat. Appl. Publ. No. 2003/0152107 A1 to Pekonen ("Pekonen"); and Australian Pat. No. AU2003267699 A1 to Li et al. ("Li"). SPV admits that

Insta360 purports to allege that true and correct copies of these references were attached as Exhibits 1 and 2, respectively, and denies the remaining allegations of Paragraph 16 of the Counterclaims.

17. Admitted.

18. Denied.

19. SPV admits that Insta360 requests a judicial determination and declaration that the claims of the ‘498 Patent are invalid but denies Insta360 is entitled to such relief.

**COUNT 2**

**DECLARATORY JUDGMENT OF INVALIDITY OF THE ’169 PATENT**

20. SPV restates and incorporates by reference the allegations in the foregoing paragraphs of its counterclaims, as if fully set forth herein.

21. SPV denies Insta360’s assertions that claims of the ’169 Patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§101, 102, 103, and 112.

22. SPV denies that the claims of the ’169 Patent are anticipated by and/or obvious in view of at least the following prior art: U.S. Pat. No. 6,625,319 to Krishnamachari (“Krishnamachari”); U.S. Pat. No. 5,754,190 to Dutton et al. (“Dutton”); U.S. Pat. No. 6,031,634 to Shimada et al. (“Shimada”). SPV admits that true and correct copies of these references were attached as Exhibits 3, 4, and 17, respectively, and denies the remaining allegations of Paragraph 22 of the Counterclaims.

23. Admitted.

24. Denied.

25. SPV admits that Insta360 requests a judicial determination and declaration that the claims of the ’169 Patent are invalid but denies Insta360 is entitled to such relief.

**COUNT 3**

**DECLARATORY JUDGMENT OF INVALIDITY OF THE ’476 PATENT**

26. SPV restates and incorporates by reference the allegations in the foregoing paragraphs of its counterclaims, as if fully set forth herein.

27. SPV denies Insta360’s assertions that claims of the ’476 Patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§101, 102, 103, and 112.

28. SPV denies that the claims of the ’476 Patent are anticipated by and/or obvious in view of at least the following prior art: Japanese Pat. Appl. Publ. No. JP2009139322A to Kotaka (“Kotaka”); PCT International Publication No. WO2007136093 A1 to Hashimoto et al. (“Hashimoto”); U.S. Pat. No. 5,532,744 to Akiwumi-Assani et al. (“Akiwumi-Assani”). SPV admits that true and correct copies of these references are attached hereto as Exhibits 5, 6, and 7, respectively, and denies the remaining allegations of Paragraph 28 of the Counterclaims.

29. Admitted.

30. Denied.

31. SPV admits that Insta360 requests a judicial determination and declaration that the claims of the ’476 Patent are invalid but denies it is entitled to such relief.

**COUNT 4**

**DECLARATORY JUDGMENT OF INVALIDITY OF THE ’401 PATENT**

32. SPV restates and incorporates by reference the allegations in the foregoing paragraphs of its counterclaims, as if fully set forth herein.

33. SPV denies Insta360’s assertions that claims of the ’401 Patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§101, 102, 103, and 112.

34. SPV denies that the claims of the ’401 Patent are anticipated by and/or obvious in view of at least the following prior art: PCT International Publication No. WO2007010690 A1 to Moriya et al. (“Moriya”); PCT International Publication No. WO2008020470 A1 to Toichi et al. (“Toichi”); Japanese Pat. Appl. Publ. No. JPH0870457A to Okada et al. (“Okada”). SPV admits that true and correct copies of these references are attached hereto as Exhibits 8, 9, and 10, respectively, and denies the remaining allegations of Paragraph 34 of the Counterclaims.

35. Admitted.

36. Denied.

37. SPV admits that Insta360 requests a judicial determination and declaration that the claims of the ’401 Patent are invalid but denies it is entitled to such relief.

**COUNT 5**

**DECLARATORY JUDGMENT OF INVALIDITY OF THE ’059 PATENT**

38. SPV restates and incorporates by reference the allegations in the foregoing paragraphs of its counterclaims, as if fully set forth herein.

39. SPV denies Insta360’s assertions that claims of the ’059 Patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§101, 102, 103, and 112.

40. SPV denies that the claims of the ’059 Patent are anticipated by and/or obvious in view of at least the following prior art: U.S. Pat. Appl. Publ. No. 2012/0014437 A1 to Segall et al. (“Segall”); U.S. Pat. Appl. Publ. No. 2009/0103625 A1 to Lee et al. (“Lee”); U.S. Pat. Appl. Publ. No. 2011/0038412 A1 to Jung et al. (“Jung”). SPV admits that true and correct copies of these references are attached hereto as Exhibits 11, 12, and 13, respectively, and denies the remaining allegations of Paragraph 40 of the Counterclaims.

41. Admitted.

42. Denied.

43. SPV admits that Insta360 requests a judicial determination and declaration that the claims of the ’059 Patent are invalid but denies it is entitled to such relief.

**COUNT 6**

**DECLARATORY JUDGMENT OF INVALIDITY OF THE ’972 PATENT**

44. SPV restates and incorporates by reference the allegations in the foregoing paragraphs of its counterclaims, as if fully set forth herein.

45. SPV denies Insta360’s assertions that claims of the ’972 Patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§101, 102, 103, and 112.

46. SPV denies that the claims of the ’972 Patent are anticipated by and/or obvious in view of at least the following prior art: U.S. Pat. Appl. Publ. No. 2006/0045186 A1 to Koto et al. (“Koto”); PCT International Publication No. WO2005027497 A3 to Hsu et al. (“Hsu”); and U.S. Pat. No. 8,571,108 to Suzuki (“Suzuki”). SPV admits that true and correct copies of these references are attached hereto as Exhibits 14, 15, and 16, respectively, and denies the remaining allegations of Paragraph 46 of the Counterclaims.

47. Admitted.

48. Denied.

49. SPV admits that Insta360 requests a judicial determination and declaration that the claims of the ’972 Patent are invalid but denies it is entitled to such relief.

**COUNT 7**

**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE ’498 PATENT**

50. SPV restates and incorporates by reference the allegations in the foregoing paragraphs of its counterclaims, as if fully set forth herein.

51. Denied.

52. Denied.

53. Admitted.

54. SPV admits that Insta360 requests a judicial determination and declaration that it does not infringe, under any theory of infringement, any valid and enforceable claim of the ’498 Patent, but denies that Insta360 is entitled to such relief.

**COUNT 8**

**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE ’169 PATENT**

55. SPV restates and incorporates by reference the allegations in the foregoing paragraphs of its counterclaims, as if fully set forth herein.

56. Denied.

57. Denied.

58. Admitted.

59. SPV admits that Insta360 requests a judicial determination and declaration that it does not infringe, under any theory of infringement, any valid and enforceable claim of the ‘169 Patent but denies that Insta360 is entitled to such relief.

**COUNT 9**

**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE ’476 PATENT**

60. SPV restates and incorporates by reference the allegations in the foregoing

paragraphs of its counterclaims, as if fully set forth herein.

61. Denied.

62. Denied.

63. Admitted.

64. SPV admits that Insta360 requests a judicial determination and declaration that it does not infringe, under any theory of infringement, any valid and enforceable claim of the '476 Patent, but denies that Insta360 is entitled to such relief.

**COUNT 10**

**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '401 PATENT**

65. SPV restates and incorporates by reference the allegations in the foregoing paragraphs of its counterclaims, as if fully set forth herein.

66. Denied.

67. Denied.

68. Admitted.

69. SPV admits that Insta360 requests a judicial determination and declaration that it does not infringe, under any theory of infringement, any valid and enforceable claim of the '401 Patent, but denies that Insta360 is entitled to such relief.

**COUNT 11**

**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '059 PATENT**

70. SPV restates and incorporates by reference the allegations in the foregoing paragraphs of its counterclaims, as if fully set forth herein.

71. Denied.

72. Denied.

73. Admitted.

74. SPV admits that Insta360 requests a judicial determination and declaration that it does not infringe, under any theory of infringement, any valid and enforceable claim of the '059 Patent, but denies that Insta360 is entitled to such relief.

**COUNT 12**

**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '972 PATENT**

75. SPV restates and incorporates by reference the allegations in the foregoing paragraphs of its counterclaims, as if fully set forth herein.

76. Denied.

77. Denied.

78. Admitted.

79. SPV admits that Insta360 requests a judicial determination and declaration that it does not infringe, under any theory of infringement, any valid and enforceable claim of the '972 Patent but denies that Insta360 is entitled to such relief.

**COUNT 13**

**DECLARATORY JUDGMENT REGARDING PANASONIC'S RAND LICENSING COMMITMENT**

80. SPV restates and incorporates by reference the allegations in the foregoing paragraphs of its counterclaims as if fully set forth herein.

81. SPV admits that it acquired a portfolio of patents invented by Panasonic employees, including the SPV Asserted Patents, and that Insta360 directly and/or indirectly infringes those patents through products capable of encoding video to conform with the HEVC/H.265 standard and through those products capable of decoding video by implementing the

HEVC/H.265 standard, and denies the remaining allegations of paragraph 81 of the Counterclaims.

82. To the extent that the allegations in Paragraph 82 of the Counterclaims constitute legal conclusions, no response is required. SPV admits that Exhibit 18 attached to its Counterclaims is a document entitled "Patent Statement and Licensing Declaration form for ITU-T or ITU-R Recommendation | ISO or IEC Deliverable," and purported referencing ITU-T Recommendation H.265 and ISO/IEC 23008-2 and denies the remaining allegations of Paragraph 82 of the Counterclaims.

83. To the extent that the allegations in Paragraph 83 of the Counterclaims constitute legal conclusions, no response is required. SPV admits that box #2 of Exhibit 18 is purportedly checked along with a reference to reciprocity and denies the remaining allegations of Paragraph 82 of the Counterclaims.

84. SPV admits that it acquired the SPV Asserted Patents from the Panasonic portfolio.

85. SPV denies that to the extent any asserted claim is covered by the Panasonic Declaration, SPV acquired and holds that claim subject to Panasonic's licensing commitment.

86. SPV admits that Insta360 denies that it infringes any SPV Asserted Patent and does not concede that any asserted claim is essential to H.265. SPV denies that the asserted claims are subject to the Panasonic Declaration and denies the remaining allegations of Paragraph 86 of the Counterclaims.

87. To the extent that the allegations in Paragraph 83 of the Counterclaims constitute legal conclusions, no response is required. SPV admits that Insta360 implements functions when implementing H.265 and denies the remaining allegations of Paragraph 87 of the Counterclaims.

88. SPV admits that an actual and justiciable controversy exists because SPV seeks

infringement damages based on Insta360's implementation of H.265 while asserting that Insta360 lacks authorization or a license under the SPV Asserted Patents.

89. SPV admits that Insta360 requests a declaration that any asserted claim essential to implementation of H.265 is subject to the Panasonic Declaration and that SPV, as Panasonic's successor in interest to that claim, is bound by the Declaration, but denies that it is entitled to any such relief.

**PRAYER FOR RELIEF**

MPV denies that Insta 360 is entitled to any adjudications, declarations, judgments, damages, fees, costs, or other relief either as prayed for in the Complaint or otherwise.

**DEMAND FOR JURY TRIAL**

The Complaint contains a demand for jury trial, to which no response is required. MPV also demands a trial by jury on all issues so triable.

Dated: October 14, 2026

Respectfully submitted,

By: Cabrach Connor

Cabrach J. Connor
Cab@CLandS.com
Texas Bar No. 24036390
Jennifer Tatum Lee
Jennifer@CLandS.com
Texas Bar No. 24046950
John M. Shumaker
John@CLandS.com
Texas Bar No. 24033069
**CONNOR LEE & SHUMAKER PLLC**
609 Castle Ridge Road, Suite 450
Austin, Texas 78746
512.646.2060 Telephone
888.387.1134 Facsimile

*Attorneys for Plaintiff*
*Sovereign Peak Ventures, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2026, a copy of the foregoing was filed and served on all parties through the Court's CM/ECF filing system.

*/s/ Cabrach J. Connor*
Cabrach J. Connor